# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. POWERS, | No. 4:19-CV-00115 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN GENE BEASLEY, | |
| Respondent. | |

## MEMORANDUM OPINION

### JANUARY 17, 2020

### I. BACKGROUND

Presently before the Court is Petitioner John J. Powers's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, requesting that the Federal Bureau of Prisons recalculate his entitlement to good time credits in light of the First Step Act of 2018.[1] Petitioner has also filed a document styled as a motion for judgment on the pleadings, which addresses the exhaustion of administrative remedies related to the claim in his petition.[2] Most recently, Petitioner has filed a "Notice of Updated Posture of the Case," in which he advises that he has received the recalculation of his good time credits as originally requested in his petition and admits that his original claim is now moot.[3] In that notice, Petitioner now seeks to

---
[1] ECF No. 1.
[2] ECF No. 11.
[3] *See* ECF No. 12 at 2.

bring a new claim, challenging the method by which the BOP has recalculated his good time credits.

## II. DISCUSSION

As to Petitioner's request to receive a recalculation of his good time credits pursuant to the First Step Act, the Court agrees with Petitioner that this request is now moot as he has obtained the relief he originally sought. "Mootness asks whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief."[4] "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."[5] Because the Court could order no further relief than what was originally requested by Petitioner, the petition is moot.

As to Petitioner's new claim regarding the BOP's method of recalculation, however, any such challenge has been improperly raised in the notice. Petitioner's new good time credit calculation challenge is qualitatively different from his initial claim and is based on a factual predicate distinct from the one alleged in the petition. Under the claim in the petition, Petitioner had not received a recalculation of his good time credits and requested that he receive that calculation. In his new claim in

---

[4] *Ehrheart v. Verizon Wireless,* 609 F.3d 590, 596 (3d Cir. 2010).
[5] *Id.*

the notice, Petitioner has received a recalculation and would now like to challenge the method used to determine the recalculation.

Petitioner cannot now raise this new claim in the notice because a litigant cannot plead claims by any non-pleading document, whether it be by notice, motion papers, briefs, etc.[6] Petitioner's challenge to the method of recalculation must be brought as a new and separate § 2241 petition.[7]

### III. CONCLUSION

For the reasons set forth above, the Petition will be denied as moot. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[6] *See*, *e.g.*, *Bell v. City of Phila.*, 275 F. App'x 157, 160 (3d Cir. 2008); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004); *Veggian v. Camden Bd. of Educ.*, 600 F. Supp. 2d 615, 628 (D.N.J. 2009); *Munoz v. Zickfoose*, 2011 WL 3022439 (D.N.J. July 21, 2011), *aff'd* 460 F. App'x 165 (3d Cir. 2012).

[7] *See*, *e.g.*, *Munoz v. Zickefoose*, 460 F. App'x 165, 166 (3d Cir. 2012) (affirming district court's determination that § 2241 petitioner's original claim regarding the incorrect calculation of his federal sentence was moot after the BOP corrected the calculation as well as the district court's determination that petitioner could not challenge that corrected calculation as a new claim in the original petition; such new claim must be brought in a new petition after it is administratively exhausted).

3